## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| Sylvanius Bell, | |
| Plaintiff, | |
| v. | Case No. 18-CIV-120-RAW |
| Nicky Jackson, Kevin Klein, Robert Smith, Kevin Cowen, Kenneth Cowen, French Cowen, James Winters, Carmen Grant, Mark Grant, Martin King III, | |
| Defendants. | |

## OPINION AND ORDER

The Complaint [Docket No. 1] in this matter was filed on April 19, 2018. The court construes Plaintiff's allegations liberally as he is *pro se.* *See Haines v. Kerner*, 404 U.S. 519 (1972).

The Complaint states that Plaintiff lives in Las Vegas, Nevada. Defendants live in San Francisco, California; Palm Beach, Florida; and Dallas, Texas. *Id,* at Page 1-2.

Plaintiff's Statement of Claim states as follows:

Robert Smith, Kevin Cowen, Kenneth Cowen, James Winters and Bob Blythe are watching me via my email. Clearly, they own a spyware; they are computer hackers. This is the fourth time, I have had a run in with them. They are paying people not to do business with me and RangeMe bite the bullet and accepted the money. Therefore, denying me to sell merchandise from their site by accusing me of being a distributor or a wholesaler. I am an import agent. They keep calling me a distributor and have locked me out of the their webpage. I believe my prospects were given away and my page was unfairly shutdown because of a bribe.

*Id,* Page 4. Plaintiff requests relief "For hardship, false advertisement and mental

1

anguish, I want five million dollars." *Id,* Page 4.

On Page 2 of the Complaint, Plaintiff lists the address for Defendant No. 2, Darryl Jackson. The caption of the Complaint, however, does not list Darryl Jackson as a Defendant; the Statement of Claim also fails to mention Darryl Jackson. *Id,* Pages 1, 4.

The Complaint is also unsigned. *Id,* Page 5. *See* Fed.R.Civ.P. 11. (Every pleading … must be signed … by a party personally if the party is unrepresented.)

Plaintiff's arguments are "completely lacking in legal merit and patently frivolous." *Lonsdale v. United States*, 919 F.2d 1440, 1448 (10th Cir. 1990).

## Venue

28 U.S.C.A. § 1391 states as follows:

> (b) Venue in general.--A civil action may be brought in—
>
> **(1)** a judicial district in which any defendant resides, if all defendants are residents of the State in which the district is located;
> **(2)** a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated; or
> **(3)** if there is no district in which an action may otherwise be brought as provided in this section, any judicial district in which any defendant is subject to the court's personal jurisdiction with respect to such action.

28 U.S.C.A. § 1391. In the instant matter, no party in this action resides in Oklahoma and none of the events in the Statement of Claim are alleged to have occurred in Oklahoma. The Complaint also fails to allege that the action involves any property located in Oklahoma. This court has no personal jurisdiction as to any defendant.

# 28 U.S.C. § 1915

Section 1915 of the United States Code, Title 28, states as follows:

> (2) Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that–
>> **(A)** the allegation of poverty is untrue; or
>>
>> **(B)** the action or appeal--
>>> **(i)** is frivolous or malicious;
>>>
>>> **(ii)** fails to state a claim on which relief may be granted; or
>>>
>>> **(iii)** seeks monetary relief against a defendant who is immune from such relief.

28 U.S.C.A. § 1915(e)(2).

A complaint is frivolous "where it lacks an arguable basis either in law or in fact." Further, the term frivolous "embraces not only the inarguable legal conclusion, but also the fanciful factual allegation." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). A plaintiff is not required to make out a perfect case in their complaint. Rather, "It suffices for him to state claims that are rationally related to the existing law and the credible factual allegations." *Lemmons v. Law Firm of Morris and Morris*, 39 F.3d 264 (10th Cir. 1994).

## *Sua Sponte* Dismissal

"*Sua sponte* dismissals are generally disfavored by the courts." *Banks v. Vio Software*, 275 Fed.Appx. 800 (10th Circ. 2008). A court shall dismiss a case at any time, however, if the court determines that the action fails to state a claim on which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B)(ii) and (iii).

Indeed, the Tenth Circuit Court of Appeals has stated that a district court is <u>required</u> to dismiss an IFP claim that is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief. *Trujillo v. Williams*, 465 F.3d 1210, 1216 n.5 (10th Cir. 2006).

The court may *sua sponte* dismiss an action pursuant to § 1915 when "on the face of the complaint it clearly appears that the action is frivolous or malicious." *Hall v. Bellmon*, 935 F.2d 1106, 1108 (10th Cir. 1991). "The term 'frivolous' refers to 'the inarguable legal conclusion' and 'the fanciful factual allegation.'" <u>Id</u>. (citation omitted). Further, a "trial court may dismiss a claim *sua sponte* without notice where the claimant cannot possibly win relief." *McKinney v. State of Oklahoma*, 925 F.2d 363, 364 (10th Cir. 1991).

### Frivolous Lawsuits

Plaintiff has now filed eight actions in this court in less than two months. *See* Case Nos. 18-CIV-085-RAW, 18-CIV-090-RAW (dismissed on April 5, 2018 for failure to pay filing fee or submit a motion for *in Forma Pauperis*), 18-CIV-091-RAW (dismissed on April 5, 2018 for failure to pay filing fee or submit a motion for *in Forma Pauperis*), 18-CIV-098-RAW (dismissed on April 10, 2018 for failure to pay filing fee or submit a motion for *in Forma Pauperis*), 18-CIV-121-RAW, 18-CIV-122-RAW (dismissed on May 1, 2018 for failure to pay filing fee or submit a motion for *in Forma Pauperis*), and 18-CIV-123-RAW. Plaintiff is establishing himself as a frequent filer of frivolous lawsuits.

## SANCTIONS

Plaintiff is in the category of "hobbyist litigators" described in *Westridge v. Allstate Ins*. Co., 118 F.R.D. 617, 621 (W.D. Ark. 1988). "These lawsuits are not only a nuisance, but they threaten to delay justice for those who should be in federal court and who have legitimate and significant matters to litigate." *Id*. Plaintiff "has no absolute, unconditional right of access to the courts and no constitutional right to prosecute frivolous or malicious actions." *Garrett v. Esser*, 53 Fed.Appx. 530, 531 (10th Cir. 2002). Furthermore, the court "may impose restrictions commensurate with its inherent power to enter orders 'necessary and appropriate' in aid of jurisdiction." *Id*.; 28 U.S.C. § 1651. To this point, Plaintiff's filings in the Eastern District have not been extremely numerous, but have been without merit. The court does not deem it necessary to allow Plaintiff to file numerous more meritless complaints before limiting his ability to do so. Therefore, Plaintiff is hereby enjoined from proceeding as a plaintiff in this District unless he is represented by a licensed attorney admitted to practice in this court or unless he first obtains permission to proceed *pro se*.

In the future, Plaintiff must take the following steps to obtain permission to proceed *pro se*:

1. File a petition with the Clerk of this Court requesting leave to file a *pro se* action;

2. Include in the petition the following information:

A.     A list of all lawsuits currently pending or filed previously with this court, including the name and number of each case, and the current status or disposition of the lawsuit; and

B.     A list apprising this court of all outstanding injunctions or orders limiting Plaintiff's access to federal court, including orders and injunctions requiring Plaintiff to seek leave to file matters *pro se* or requiring him to be represented by an attorney, including the name and case number of all such orders or injunctions; and

3.     File with the clerk a notarized affidavit, in proper legal form, which recites the issues he seeks to present, including a short discussion of the legal basis of the claim asserted, and describing with particularity the facts giving rise to said claims. The affidavit also must certify, to the best of Plaintiff's knowledge, that the legal arguments being raised are not frivolous or made in bad faith, that they are warranted by existing law or a good faith argument for the extension, modification, or reversal of existing law, that the lawsuit is not interposed for any improper purpose, and that he will comply with all local rules of this court.

These documents shall be submitted to the Court Clerk, who will refer them to the presiding judge for review to determine whether the complaint is lacking in merit, duplicative or frivolous.   The presiding judge will make the final determination whether to dismiss the complaint or to enter an order allowing the complaint to proceed in accordance with the Federal Rules of Civil Procedure and the Local Rules of the Eastern District.

Plaintiff has ten days from the date of this Order to file written objections, limited to ten pages, to these sanctions.  If Plaintiff files no objection, the sanctions noted herein will take effect twenty days from the date of this Order.   If Plaintiff files objections, these sanctions will not take effect until after the court rules on those objections.

## Conclusion

The allegations listed in the complaint do not create a claim upon which this lawsuit can proceed. The court finds that Plaintiff's action is frivolous, and that Plaintiff fails to state a claim on which relief can be granted. This matter is dismissed with prejudice.

Furthermore, Plaintiff has ten days from the date of this Order to file written objections, limited to ten pages, as to the proposed filing sanctions. If Plaintiff files no objection, the sanctions noted herein will take effect twenty days from the date of this Order. If Plaintiff files objections, these sanctions will not take effect until after the court rules on those objections.

Dated this 8th day of May, 2018.

_____
HONORABLE RONALD A. WHITE
UNITED STATES DISTRICT JUDGE
EASTERN DISTRICT OF OKLAHOMA